IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**GUIDEONE ELITE INSURANCE COMPANY,** *et al.*                                                                 **PLAINTIFFS**

V.                                                      CIVIL ACTION NO. 2:13-CV-134-KS-MTP

**MT. CARMEL MINISTRIES,** *et al.*                                                                 **DEFENDANTS**

### ORDER

For the reasons stated below, the Court **overrules** Defendants' Objection [109] to the Magistrate Judge's Order [100] denying their Motion to Compel [90].

The Court may only modify or set aside a Magistrate Judge's discovery order if it is "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "This standard is highly deferential, and the court will not overturn the Magistrate Judge's order unless it is clear that a mistake has been committed." *Cruz v. Miss. Dep't of Human Servs.*, 9 F. Supp. 3d 668, 2014 U.S. Dist. LEXIS 45774, at *54 (S.D. Miss. 2014).

Local Rule 7(b)(2)(B) provides: "A party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline." Defendants filed their Motion to Compel [90] on September 18, 2014 – just two weeks before the October 2, 2014, discovery deadline. The Local Rules and Rules of Civil Procedure provide seventeen days for a respondent to file a brief in response to a motion, and ten days for a movant to file a reply. L.U.Civ.R. 7(b)(4); FED. R. CIV. P. 6(a), (d). Therefore, the two weeks between Defendants' Motion to Compel [90] and the

discovery deadline was not sufficient time to obtain a ruling from the Court, much less to "effectuate the court's order . . . ." L.U.Civ.R. 7(b)(2)(B).[1] Accordingly, the Magistrate Judge's Order [100] was not "clearly erroneous or contrary to law" insofar as it held that Defendants' Motion to Compel [90] was not timely filed.

Defendants did not seek an extension of the discovery deadline. To the extent they now contend that the Magistrate Judge should have *sua sponte* granted such an extension, a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The rule "requires a party to show that the deadline cannot be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (punctuation omitted). "Four factors are relevant to good cause: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (punctuation omitted).

Defendants offered no satisfactory explanation for their failure to timely file the Motion to Compel [90] or seek an extension of the discovery deadline. The Court notes that Defendants filed the Motion to Compel [90] on September 18, 2014 – almost six months after Plaintiff provided the disputed discovery responses[49], and over a month after Plaintiff provided a signed good faith certificate [97-1]. The Court also notes that although one of Defendants' counsel was ill for part of the summer, Defendants have two other counsel of record. Therefore, the first factor does not weigh in favor of an

---

[1]The Court also observes that Defendant failed to request expedited consideration of the motion, as permitted by Local Rule 7(b)(8). L.U.Civ.R. 7(b)(8).

extension. Furthermore, although "a continuance could be granted for additional discovery, . . . [it] would unnecessarily delay the trial," *S & W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 537 (5th Cir. 2003), and the fourth factor likewise weighs against an extension. As two of the four factors weigh against extending the discovery deadline, the Magistrate Judge's decision was not clearly erroneous or contrary to law.

For these reasons, the Court **overrules** Defendants' Objection [109] to the Magistrate Judge's Order [100] denying their Motion to Compel [90].

SO ORDERED AND ADJUDGED this 3rd day of November, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE