IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**GUIDEONE ELITE INSURANCE
COMPANY,** *et al.*                                                                           **PLAINTIFFS**

V.                                              **CIVIL ACTION NO. 2:13-CV-134-KS-MTP**

**MOUNT CARMEL MINISTRIES,** *et al.*                                              **DEFENDANTS**

### ORDER

The Court previously discussed the background of this case. *See GuideOne Elite Ins. Co. v. Mt. Carmel Ministries*, No. 2:13-CV-134-KS-MTP, 2015 U.S. Dist. LEXIS 912, at *2-*4 (S.D. Miss. Jan. 6, 2015). For the reasons stated below, the Court **grants in part and denies in part** the Motion in Limine [146] filed by Plaintiff GuideOne Elite Insurance Company/GuideOne Insurance Company. The Court grants the motion insofar as it requests the exclusion of the undisclosed expert testimony by Booker T. Camper, but the Court denies it in all other respects.

*A.     Lost Income/Expert Testimony*

GuideOne argues that the Court should exclude the expert testimony of Booker T. Camper because Mount Carmel failed to provide an expert report, and that the Court should preclude Mount Carmel from presenting any evidence of lost income because it can not provide expert testimony to support the claim. In response, Mount Carmel argues that expert testimony is not required to support a claim for lost income.

Rule 26 provides that "a party must disclose to the other party the identity of any witness it may use at trial to present" expert testimony. FED. R. CIV. P. 26(a)(2)(A).

"Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case . . . ." FED. R. CIV. P. 26(a)(2)(B). Among other things, the report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them," and "the facts or data considered by the witness in forming them . . . ." FED. R. CIV. P. 26(a)(2)(B)(i)-(ii). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). When applying Rule 37, the Court considers the following factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).

Mount Carmel designated [103-1] Camper "to provide testimony and opinions regarding the lost income suffered by Mount Carmel Ministries and Alpha Christian School as a result of the subject tornado and as a result of insurance claims not having been paid, preventing Mount Carmel from making property repairs needed to continue its various operations." It failed to address GuideOne's request to exclude Camper's testimony, and the Court assumes it is undisputed that Mount Carmel failed to provide an expert report as required by Rule 26.

Mount Carmel provided no explanation for its failure to provide an report, but it has other evidence of lost income, as discussed below. The Court assumes that GuideOne would be prejudiced by allowing Mount Carmel to present expert testimony that was not disclosed in discovery, and there is no time for a continuance. Accordingly, the Court grants GuideOne's motion to the extent it seeks the exclusion of Camper's expert testimony.

However, GuideOne has not cited any legal authority to support its request that the Court exclude *all* evidence of lost income, or its implicit argument that Mount Carmel must provide expert testimony to support its lost income claim. Mount Carmel intends to provide certain financial records [157-1] supported by the testimony of its pastor, Reverend Kenneth Fairley. These can be valid sources of evidence regarding lost income. *See Parker Tractor & Implement Co. v. Johnson*, 819 So. 2d 1234, 1239 (Miss. 2002); *Puckett Mach. Co. v. Edwards*, 641 So. 2d 29, 36-37 (Miss. 1994) (providing instructions for calculation of lost net profits); *Eastland v. Gregory*, 530 So. 2d 172, 174 (Miss. 1988). Regardless, this is the sort of argument that should be addressed in dispositive or post-trial motions, rather than a motion in limine. Therefore, the Court denies GuideOne's request to the extent it seeks the exclusion of all evidence of lost income.

## B.   *Seaway's Evidence of Property Damage*

GuideOne also argues that the Court should limit Seaway's evidence of damages to the Mount Carmel Worship Center, one of eleven separate buildings insured by the policy, because that is the only building for which Seaway is the mortgagee. The deed

of trust [105-3] indicates that Seaway's promissory note is secured by the entire property located at "1101 Main Street, Hattiesburg, MS 39401," including all "existing or subsequently erected or affixed buildings . . . ." Therefore, the Court denies this aspect of GuideOne's motion in limine.

## C.   *Appraisal Value/Measure of Damages*

Next, GuideOne argues that the Court should exclude all evidence of damages other than the opinion provided by Seaway's expert. GuideOne contends that the policy limits recovery to the "actual cash value" of the loss, which is defined as the lesser of replacement cost minus depreciation or the market value of the property. GuideOne further contends that Mount Carmel's expert failed to account for depreciation or market value, and that the Court should exclude his testimony. According to GuideOne, Seaway's expert – who calculated damages in accordance with the policy – provided the only admissible opinion regarding damages.

Again, this request is more akin to a dispositive, *Daubert*, or post-trial motion than a motion in limine. Therefore, the Court denies it as untimely. Furthermore, this is a bench trial, and the Court typically requires a round of post-trial briefing before it renders a judgment. At that time, the parties will be able to present their arguments regarding the measure of damages and the evidence required to prove damages under Mississippi law and the policy.

## D.   *Personal Property Damage*

Finally, the Court also denies GuideOne's motion in limine as to Mount Carmel's evidence of personal property damage because it effectively seeks an untimely

4

dispositive ruling as to personal property damages.

SO ORDERED AND ADJUDGED this 21st day of January, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE