## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

| | |
|---|---|
| **GUIDEONE ELITE INSURANCE COMPANY,** *et al.* | **PLAINTIFFS** |
| **V.** | **CIVIL ACTION NO. 2:13-CV-134-KS-MTP** |
| **MT. CARMEL MINISTRIES,** *et al.* | **DEFENDANTS** |

### MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **denies** Mt. Carmel and Seaway's Motions for Reconsideration [158, 160].

### I. BACKGROUND

The Court provided the background of this case in its Memorandum Opinion and Order [150] of January 6, 2015. *See GuideOne Elite Ins. Co. v. Mt. Carmel Ministries*, No. 2:13-CV-134-KS-MTP, 2015 U.S. Dist. LEXIS 912, 2015 WL 72139 (S.D. Miss. Jan. 6, 2015). The Court denied GuideOne's Motion for Summary Judgment [101] and granted Mt. Carmel and Seaway's Motions for Summary Judgment [105, 107] with regard to the issue of contractual damages. However, the Court granted GuideOne's Motion for Summary Judgment [101] as to Mt. Carmel and Seaway's bad faith and punitive damage claims, finding that GuideOne had an arguable basis for denying Mt. Carmel's claim. On January 20, 2015, Mt. Carmel and Seaway filed Motions for Reconsideration [158, 160] on the issue of bad faith, which the Court now considers.

### II. STANDARD OF REVIEW

"A motion asking the court to reconsider a prior ruling is evaluated either as a

motion . . . under Rule 59(e) or . . . under Rule 60(b). The rule under which the motion is considered is based on when the motion is filed. If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Mt. Carmel and Seaway's Motions for Reconsideration [158, 160] were filed within twenty-eight days of the Court's Memorandum Opinion and Order [150] of January 6, 2015, and Rule 59(e) applies.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C.*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009). It is "an extraordinary remedy that should be used sparingly." *Id*. Before filing a Rule 59(e) motion, parties "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

# III. DISCUSSION

In support of their motions for reconsideration, Mt. Carmel and Seaway only offered arguments that were either already raised in the parties' motions for summary judgment or that could have been raised previously. Therefore, they failed to demonstrate any basis for relief under Rule 59(e). *Templet*, 367 F.3d at 478. Although it is not necessary to do so, the Court will address one issue raised in the party's briefing.

As the Court previously noted, "punitive damages may be assessed against an insurer only when the insurer denies a claim (1) without an arguable or legitimate basis, either in fact or law, and (2) with malice or gross negligence in disregard of the insured's rights." *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 872 (5th Cir. 1991). An insurer has no arguable basis for denying payment on a claim if "nothing legal or factual would have arguably justified" its position. *Essinger v. Liberty Mut. Fire Ins. Co.*, 529 F.3d 264, 272 (5th Cir. 2008).

Both Mt. Carmel and Seaway argue that GuideOne's basis for denying Mt. Carmel's claim for benefits – that no policy existed at the time of the loss because it had been cancelled months beforehand – was a *post hoc* rationalization crafted after litigation had begun. They contend that it was not the basis of GuideOne's denial at the time the decision to deny coverage was made.

"Under Mississippi law, an insurer may rely on any exclusion in the policy to show that no coverage existed, whether or not that exclusion was the stated basis for denial. However, once coverage is established, a court should evaluate whether there

3

was an arguable basis for denial of coverage based solely on the reasons for denial of coverage given to the insured by the insurance company." *Sobley v. S. Natural Gas Co.*, 210 F.3d 561, 564 (5th Cir. 2000).

As evidenced by GuideOne's Reservation of Rights Letter [126-7] of March 26, 2013, its position has always been that no policy was in effect at the time of the loss because it had been cancelled months beforehand. Mt. Carmel and Seaway apparently contend that GuideOne was required to articulate the same legal arguments it presented in this litigation – related to *Phoenix Insurance Company of Brooklyn v. Hunter*, 49 So. 740 (Miss. 1909) and the substitution theory – rather than simply stating that the policy had been cancelled. They have cited no authority placing so stringent a standard on insurers. The basis for GuideOne's denial of coverage was the same as its argument considered by the Court – that no policy existed at the time of the loss. The record does not indicate that it was a *post hoc* rationalization to avoid liability for bad faith. *See Sobley*, 210 F.3d at 564.

Seaway and Mt. Carmel also attempted, in the present motion, to recast their bad faith claims as arising from GuideOne's refusal to reinstate the policy. But both their Answers [5, 14] specifically provide that their bad faith counterclaims arise from GuideOne's denial of the claim for benefits – not its refusal to reinstate the policy.

## IV. CONCLUSION

For these reasons, the Court **denies** Mt. Carmel and Seaway's Motions for

Reconsideration [158, 160].

SO ORDERED AND ADJUDGED this 1st day of April, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE